```
WEINER LAW GROUP LLP
629 Parsippany Road
P.O. Box 438
Parsippany, New Jersey 07054-0438
Ph: (973) 403-1100/Fax: (973) 403-0010
Attorneys for Plaintiff,
P&G Associates and Consultants, LLC
d/b/a P&G Associates
```
1795015_1

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **P&G AUDITORS AND CONSULTANTS, LLC d/b/a P&G ASSOCIATES,** | Hon. J. Paul Oekten |
| Plaintiff, | Civil No. 18-9232 |
| v. | |
| **MEGA INTERNATIONAL COMMERCIAL BANK CO., LTD.,** | |
| Defendant. | |

### <u>STIPULATED PROTECTIVE ORDER</u>

The Court has the discretion to oversee discovery and recognizes that disclosure and discovery activity in the above-captioned action will require the disclosure of trade secrets; confidential research; financial, process, marketing, proprietary, and business information; confidential supervisory information within the scope of New York Banking Law Section 36(10) or 12 CFR Section 261.20 ("CSI"); or other confidential, sensitive and commercial information within the meaning of Federal Rule of Civil Procedure 26(c).  Good cause exists to protect this information from public disclosure and limit its use to solely to the prosecution and defense of the subject action.  Accordingly, P&G Auditors and Consultants, LLC d/b/a P&G Associates (now known as "Acxell") ("P&G Associates") and Mega International Commercial Bank Co., Ltd.,

("Mega ICBC") hereby stipulate and the Court **ORDERS** ("Protective Order") that P&G Associates and Mega ICBC (each a "Party" and collectively "Parties") shall adhere to the following:

1.      **DESIGNATION OF PROTECTED MATERIAL**

1.1     This Protective Order shall govern all documents and electronically stored information (including all "documents" and "electronically stored information" as defined in Fed. R. Civ. P. 34(a)) and other products of discovery obtained by the Parties from one another and from non-parties, all information copied or derived therefrom, as well as all copies, abstracts, excerpts, notes, summaries, records or compilations thereof, including documents and information produced pursuant to requests authorized by the Federal Rules of Civil Procedure, answers to interrogatories, deposition testimony, deposition transcripts, deposition exhibits, responses to requests for admission, affidavits, declarations, transcripts, expert reports, and other such documents, material and information as may be produced in connection with or during the course of this litigation (collectively, "Discovery Materials").

1.2     In connection with discovery proceedings in this action, any Party or Non-Party may designate any non-public Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY" (collectively referred to as "Protected Material") in accordance with this Protective Order.

(a)     A Party may designate as "CONFIDENTIAL" any Discovery Material that the Party reasonably and in good faith believes to (i) contain confidential information used by the Party in, or pertaining to, its business and that has not been made public, and which that Party would not normally reveal or make public in the ordinary course of its business or activities or, if disclosed, would require such document, information or thing to be held and maintained in confidence, including but not limited to a Party's internal policies, internal procedures, internal reports,

employee information, customer information, vendor information, and other proprietary information, documents or things, (ii) contain other confidential information entitled to protection under the Federal Rules of Civil Procedure, or any other applicable law, rule or regulation; or (iii) contain information or being a document or thing that is the subject of another confidentiality agreement.

(b)     A Party may designate as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY" any Discovery Material as the Party reasonably and in good faith believes: (i) is CSI, or to contain CSI or particularly sensitive or exempt information, document or things; including but not limited to, reports of examinations, investigations and visitations; correspondence and memoranda concerning or arising out of such examinations, investigations and visitations; any report or document prepared by, on behalf of, or for the use of the Federal Reserve Board, a Federal Reserve Bank, a federal or state financial institutions supervisory agency (including their agents, consultants, or monitors), or a bank or bank holding company or other supervised financial institution; (ii) to be policies, procedures, findings, deficiencies, remediations, matters requiring attention ("MRA") and matters requiring immediate attention ("MRIA"); responses to MRAs or MRIAs, investigations, findings and reports relating to anti-money laundering, bank secrecy act, Office of Foreign Asset Controls, suspicious activity reports, transactional monitoring, customer due diligence, enhanced due diligence, politically exposed person, risk management, operational controls, compliance, asset quality, or cyber security; (iii) is commercially sensitive nature, that would create a genuine risk of competitive injury if disclosed to the other Party or made public, such as a trade secret, proprietary information, financial information, business information, pricing, methodology, and deal structure; (iv) technical, business, and research information regarding future products or services; (v) non-public and highly sensitive financial information; marketing and sales information, such as marketing plans and forecasts, customer lists, pricing data, cost data, customer

orders, and customer quotations; and (vi) such other documents, information, or materials that relate to other proprietary information that the designating Party reasonably believes is of such nature and character that disclosure of such information would be harmful to the designating Party.

      1.3    The following information shall not be designated or protected under this Protective Order:

      (a)    Information that is properly in the public domain at the time of disclosure, including publicly available publications, catalogs and other advertising materials, press releases, and publicly-filed financial statements, except that information that is placed in the public domain directly or indirectly by the Party challenging confidentiality may still be protected under this Protective Order;

      (b)    Information that the designating Party has not undertaken with others to maintain in confidence and that is in the lawful possession of or becomes lawfully available to the receiving Party, without restriction on disclosure or use, prior to this action, independent from its relationship and dealings with the designating Party and other than through discovery in this action, but only if the receiving Party can establish by documentary proof or other competent evidence existing before this action that the information independently came into its rightful possession; or

      (c)    Information that is independently developed by the receiving Party without knowledge, access, use of or reference to the designating Party's information, as established by the receiving Party through documentary proof or other competent evidence in existence prior to this action.

      1.4    Any Discovery Materials  that a Party desires to designate as Protected Material shall be so designated by marking each page or face of the document, paper or thing with the words or legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES

ONLY", as appropriate, and indicating the identity of the producing Party (e.g., through the use of an identifying prefix to the document identification (Bates) number).

1.5     In the event a Party may make available certain of its files for inspection by another Party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting Party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY materials.   Only those persons identified in paragraph 2.2 below as permitted to view HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY materials may be present at any such inspection.  When the producing Party copies the documents to furnish to the inspecting Party, the producing Party shall mark Protected Material with the appropriate confidentiality designation to the extent warranted under paragraph 1.2.

1.6     Whenever a deposition involves a disclosure of Protected Material, the following procedures shall apply:

(a)     Any Party may designate any portion or all of a deposition or deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY by notifying the other Parties on the record during the deposition.  The Court Reporter, who shall have agreed to abide by the terms of this Protective Order prior to the deposition, shall be asked to make the appropriate confidentiality designation on each page of the transcript that contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY information.  In addition, the Court Reporter shall be asked to include a cover page to such transcript with the words and legend:  "THIS TRANSCRIPT CONTAINS INFORMATION SUBJECT TO

A PROTECTIVE ORDER AND SHALL BE USED ONLY IN ACCORDANCE THEREWITH."
If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the words and legend: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY".  All persons not qualified to receive that category of information shall leave the room upon such designation and prior to continuation of the deposition with the designated testimony, until the conclusion of such designated testimony; and

   (b)     Notwithstanding the above Paragraph 1.6(a) to the contrary and without waiving any designation right, any Party may also designate any portion or all of a deposition, deposition transcript or deposition exhibits CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY by notifying the other Parties separately in writing within thirty days of receipt of the deposition transcript, videotape or recording.  In such event, the Parties shall confer as to the most convenient way to segregate the designated portions of the transcript.  All information disclosed at a deposition and all information contained in deposition transcripts, videotape or recording shall be treated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY for a period of thirty days after the receipt of the transcript to permit adequate time for review of the transcript and notice to other Party's counsel regarding any designation as Protected Material by a designating party.  In the event that the receiving Party reasonably believes that timeframes set forth in this paragraph impact the receiving Party's ability to make timely use of deposition transcripts in this litigation, the Parties will confer in good faith to resolve the issue.  If no mutually agreeable resolution is reached within a reasonable timeframe, a receiving Party may seek assistance from the Court.

   1.7     A Party to this action may prospectively declare that items and information

designated as Protected Material in the custody of any other person or entity (including a non-party) and to be produced through discovery in this action, is protected under this Protective Order based on a good-faith belief that such material is Protected Material within the meaning of this Protected Order.  Counsel for the Receiving Party shall treat such items as designated until such time as the Designating Party has had 30 days from the time of Designating Party's receipt of the material to review and mark the received items and information in accordance with this Order.

**2.      ACCESS TO AND USE OF PROTECTED MATERIAL**

2.1    Notwithstanding anything in this Protective Order to the contrary, the Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, defense or trial of this action and not for any other purpose, and shall be disclosed only the conditions as provided in the following paragraphs.

2.2    Information which has been designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY may not be disclosed to anyone whatsoever except only to:

(a)    The outside attorneys of record appearing for the Party (who are, as of the date of this Protective Order, Weiner Law Group LLP and Gottesman, Wolgel, Flynn, Weinberg & Lee, P.C., including but not limited to Stewart Lee firm regardless of whatever titles or roles that he holds with Mega ICBC) and such attorneys of records' members, partners, shareholders, directors, associates, and employees who are engaged in assisting in this action ("Attorneys of Record");

(b)    Independent consultants or experts retained by the Party or its attorneys in connection with this action, including technical experts, damage and industry experts, and jury or trial consultants, together with their employees engaged in assisting in this action (including mock jurors), to whom such disclosure is reasonably necessary for this litigation and who have signed the

"Agreement to Be Bound by Protective Order" in Exhibit A;

(c)     The Court and its personnel;

(d)     Court reporters and videographers and their personnel engaged in proceedings incident to preparation for trial or engaged in trial, to whom such disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" in Exhibit A;

(e)     Professional vendors and their employees, including copy services, eDiscovery services, trial graphics services, and translation services, engaged by the Attorneys of Record, to whom such disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" in Exhibit A;

(f)     Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information; and

(g)     Any other person where each and every person or Party that designated the documents or materials as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY consents to such access, provided they have signed the "Agreement to Be Bound by Protective Order" in Exhibit A.

2.3     Information that has been designated as CONFIDENTIAL may be disclosed only to:

(a)     The persons identified in paragraph 2.2; and

(b)     Any Party or employee of a Party to whom disclosure is reasonably necessary for this litigation.

2.4     Prior to receiving any Protected Material, any persons described in sections (b), (d), (e), or (g) of paragraph 2.2 shall be furnished with a copy of this Protective Order and shall execute

a copy of the "Agreement to be Bound by Protective Order" attached as Exhibit A ("Authorized Third Parties").  A copy of the signed Agreement shall be maintained by Attorneys of Record for the Party providing such access.

2.5     Nothing in this Protective Order shall prevent any Attorneys of Record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who can be reasonably shown to be an authorized recipient of such Protected Material ("Authors, Sources & Recipients"), provided that: (i) there are no other prohibitions or restrictions from utilizing such Protected Materials or for such person to testify in regards to such Protected Materials pursuant to any statute, law, regulation, rule, code or court order; and (ii) any disclosure of Protected Material which is designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY shall be limited to the information that the witness authored, or been an authorized receipt of, or was the source of such Protected Material. Such Authors, Sources & Recipients include, but are not limited to:

(a)     Parties and present employees of the Parties, or present employees of non-parties, may be examined as witnesses at depositions and trial and may testify concerning all Protected Material produced or designated by that Party, or by such present employee's employer if a non-party, provided that: (i) there are no other prohibitions or restrictions from utilizing such Protected Materials or for such person to testify in regards to such Protected Materials pursuant to any statute, law, regulation, rule, code or court order, and (ii) any disclosure of Protected Material which is designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY shall be limited to the information that the witness authored, or been an authorized receipt of, or was the source of such Protected Material.

(b)     Former employees of the Parties, or former employees of non-parties, may be

examined and may testify concerning all Protected Material produced or designated by the Party or non-party that formerly employed such person and which pertains to the period or periods of his/her employment and prior thereto provided that: (i) there are no other prohibitions or restrictions from utilizing such Protected Materials or for such person to testify in regards to such Protected Materials pursuant to any statute, law, regulation, rule, code or court order and provided that they execute the Agreement to be Bound by a Protective Order, and (ii) any disclosure of Protected Material which is designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY shall be limited to the information that the witness authored, or been an authorized receipt of, or was the source of such Protected Material.

2.6     Nothing contained in Paragraph 2.5 above shall be construed to modify or waive any notice or fee requirement relating to the examination of witnesses or testimony contained in the Federal Rules of Civil Procedure or this Court's Local Rules.

2.7     Experts of the Parties may be examined and may testify concerning all Protected Material produced or designated by the respective Party that pertains to the subject matter of his/her consultation, provided that there are no other prohibitions or restrictions from utilizing such Protected Materials or for such person to testify in regards to such Protected Materials pursuant to any statute, law, regulation, rule, code or court order.

2.8     Nothing in this Protective Order shall preclude any Party from introducing Protected Material into evidence at any evidentiary hearing or at trial, provided that such Protected Materials and such hearing or trial, are sealed by the Court.  However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the Party wishing to make the disclosure shall first notify the producing Party not less than three full business days prior and provide that Party with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (e.g., clearing the Courtroom, sealing the record, etc.) unless the Party wishing to make the disclosure

believes in good faith that three days is not practicable, in which case notice shall be given as soon as it reasonably can be prior to the use of the document.  Any disclosure of Protected Material at any evidentiary hearing or trial or in any other court proceeding herein shall be made *in camera* unless the Court orders otherwise.  Nothing in this paragraph shall relieve any Party of liability for damages caused by failure to properly file such Protected Material under seal and for *in camera* review.

2.9     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her clients with respect to this litigation and referring to or relying generally upon his/her examination of Protected Material, provided that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content of such information.  Additionally, nothing in this Protective Order shall affect the right of any designating Party to use or disclose its own Protected Material.

2.10    Nothing in this Protective Order shall be construed to modify, waive, limit, or estop any protection or restrictions pertaining to any CSI, or the nature or scope of such protection or restriction.  Nor shall anything in this Protective Order be deemed to limit any argument any party may make with respect to whether a particular document is covered by CSI, including that the existence of this Protective Order would permit the production of CSI in this particular case.

2.11    All persons in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Protective Order are observed and that the confidential nature of the information is maintained.

## 3.       CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

3.1     Any Party believing that particular information has been improperly marked, i.e.,

that it is not in fact CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY, may challenge such designation at any time by raising the issue, in writing to the designating Party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged.  Within ten business days of receipt of such writing, the designating Party shall either remove or reduce the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith.

3.2     The Parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court.  If the designating Party maintains its designation and the Parties are unable to reach agreement, the challenging Party may bring the issue to the Court.  The Party asserting confidentiality shall have the burden of establishing the appropriateness of the designation, except that a Party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public knowledge.  Nothing contained herein, however, shall shift the burden of demonstrating Protected Material to be confidential under any statute, law, regulation, code or court order.

3.3     Challenged information shall be treated as designated until the resolution of the dispute by the Parties or ruling by the Court.

4.      **FILING OF PROTECTED MATERIAL**

Documents may be filed with the Court under seal without prior permission as to each such filing.  Unless the Court orders otherwise, all sealed documents shall be filed in accordance with the local rules of the District Court for the Southern District of New York and in the manner described in Paragraph 2.8 above.

### 5.      TERMINATION OF LITIGATION

5.1      The obligations of this Protective Order shall survive the termination of the action, whether by a non-appealable final judgment, settlement or otherwise, and continue to bind the Parties, and any person or entity whom executes Exhibit A.  Within ninety days after termination of this action by judgment, settlement, or otherwise from which no appeal can be brought, each Party shall destroy all documents and mediums containing or disclosing Protected Material of any other Party.  Each Party's attorney of record in this action shall have the right to retain copies of pleadings, deposition and trial transcripts, any exhibits, discovery responses and memoranda that have been filed with the Court or served on other parties, and of any documents constituting work product, remaining subject to all  requirements of this Protective Order.  The Court shall retain jurisdiction over the Parties, and all persons or entities who executed Exhibit A, even after termination of this action, to enforce this Protective Order and to make such amendments and modifications to this Order as may be appropriate.

### 6.      THIRD-PARTY DISCOVERY

In the event that any Authorized Third Party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY by such Authorized Third Party, such Authorized Third Party may elect to have its information treated in accordance with the terms of this Protective Order by so notifying counsel for all parties in writing.  Upon service of such notice, such Authorized Third Party may designate documents and information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY in the manner set forth in this Protective Order, and such Authorized Third Party's designated information shall be protected in the same manner as that of the parties to this action.

7.     **INADVERTENT DISCLOSURE**

7.1     If a Party inadvertently discloses any document or thing containing information that it deems CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY without designating it pursuant to this Protective Order, the disclosing Party shall promptly upon discovery of such inadvertent disclosure inform the receiving Party in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality designation.  The receiving Party shall thereafter treat the information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked version of the inadvertently disclosed material.  Nothing in this Protective Order shall preclude the receiving Party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of paragraph 3.

7.2     The inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work-product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information.  If a producing Party inadvertently produces or otherwise discloses to a receiving Party, information that is subject to such privilege or immunity, the producing Party shall promptly upon discovery of such disclosure so advise the receiving Party in writing and request that the inadvertently disclosed information be returned.  The receiving Party shall return all copies of the inadvertently produced material within five business days of receipt of the request.  Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed.  Nothing in this Protective Order shall preclude the receiving Party returning the inadvertently produced material from seeking an order compelling the production of information previously produced inadvertently.

## 8.    MISCELLANEOUS PROVISIONS

8.1    If Protected Material in the possession of any receiving Party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third-Party Request"), the Party to whom the Third-Party Request is directed will not produce such information without first giving prompt written notice (including a copy of the Third-Party Request) to the Attorneys of Record for the producing Party, no more than three business days after receiving the Third-Party Request.  The Party receiving the Third-Party Request must also promptly inform in writing the Party who caused the Third-Party Request to issue in the other litigation that some or all the material covered by the Third-Party Request is subject to this Protective Order.  The Party receiving the Third-Party Request must deliver a copy of this Protective Order promptly to the Party in the other action that caused the Third-Party Request to issue.

8.2    The producing Party shall bear the burden and expense of seeking protection in court of its own Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a Party receiving a Third-Party Request in this action to disobey a lawful directive from another court.  Disclosure of information in response to a properly issued Third-Party Request shall not constitute a violation of this Protective Order.

8.3    This Protective Order may be modified only by further Order of the Court, whether *sua sponte* or by agreement of the Parties or their Attorneys of Record and approval by the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

8.4     Treatment by counsel or the Parties of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY as designated shall not be construed as an admission by any Party that the designated information contains trade secrets or other proprietary or confidential information.   Conversely, failure to so designate shall not constitute a waiver of any Party's claims, either within or outside this action, that any such documents or information do contain trade secrets or other proprietary or confidential information.

8.5     No Party shall be obligated to challenge the propriety of any designation, and failure to challenge a claim of confidentiality at the time of receipt shall not constitute a waiver of the right to challenge a confidentiality designation at any later time.

8.6     Notwithstanding any provision contained herein, nothing in this Protective Order shall restrict in any way the right of any designating Party to make use of its own CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY material in any way it deems fit.

8.7     This Protective Order shall be without prejudice to and does not impair the ability or rights of any Party to seek further limits on disclosure or protections for the confidentiality of any information beyond or in addition to the limits and protections provided herein.

8.8     Notwithstanding anything in this Protective Order to the contrary, nothing in this Protective Order shall be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Materials.

8.8     This Protective Order may be executed in any number of counterparts and all executed counterparts together shall constitute one agreement binding upon all Parties thereto as if all Parties signed the same document.  Photocopies, scanned copies, facsimile or emailed executed counterparts shall have the same force and effects as its original executed counterpart.

**STIPULATED AND AGREED:**

Dated:  April 22, 2020

**WEINER LAW GROUP LLP**
629 Parsippany Road
Parsippany, New Jersey 07054-0438

**GOTTESMAN, WOLGEL, FLYNN,
WEINBERG & LEE, P.C.**
11 Hanover Square, 4th Floor
New York, New Jersey 10005

By:    s/ Paul S. Grossman
        Clark E. Alpert, Esq.
        Paul S. Grossman, Esq.
        Tel.: (973) 403-1100
        Fax: (973) 403-0010
        E-Mail: calpert@weiner.law
                    pgrossman@weiner.law
*Attorneys for Plaintiff*
*P&G Auditors and Consultants, LLC*
*d/b/a P&G Associates*

By:    s/ Stewart W. Lee
        Stewart W. Lee, Esq.
        Tel.: (212) 495-0100
        Fax: (212) 480-9797
        E-Mail: slee@gottesmanlaw.com
*Attorneys for Defendant*
*Mega International Commercial Bank Co., Ltd.*

**IT IS SO ORDERED:**

May 15, 2020

J. PAUL OETKEN
United States District Judge

17

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**P&G AUDITORS AND CONSULTANTS,**
**LLC d/b/a P&G ASSOCIATES,**                      Hon. J. Paul Oekten

             Plaintiff,             Civil No. 18-9232

v.

**MEGA INTERNATIONAL COMMERCIAL**
**BANK CO., LTD.,**

             Defendant.

---

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I received a copy of the

Protective Order in this action.  I read and understood the Protective Order and agree to be bound

by its provisions.  I agree not to copy or use any CONFIDENTIAL or HIGHLY CONFIDENTIAL

– OUTSIDE ATTORNEY EYES ONLY information that may be provided to me for any purpose

other than in connection with my work in connection with this action, and I agree not to reveal

any such information to any person not authorized by and bound by the Protective Order.  I agree

to maintain any Protected Material disclosed to me in a secure environment that requires a unique

user identifier and password authentication for access, and shall take any other steps as are

reasonably necessary to secure the Protected Material from unauthorized access or disclosure.  If

I store Protected Material on any portable media (including laptops, external hard drives, or

removable storage devices of any kind) I agree that it shall be encrypted at all times.  I also agree

to maintain the Protected Material in a secure manner that limits access thereto to only to me while

such Protected Material is in my possession and custody, and shall return all Protected Material

(including originals or copies thereof) to the attorney who engaged me to perform the aforesaid work.

I further acknowledge and understand that a violation of the Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York in connection with any proceedings concerning enforcement of the Protective Order.

Dated:_____        _____
                                                                  (Signature)